# Exhibit 1

# IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Case No.: HC/S 470/2021
Sub Case No.: HC/SUM 2444/2021
Doc No.: HC/ORC 3172/2021
Filed: 08-June-2021 08:31 PM

Between

DANIEL HINDIN
(United States Social Security No 566616005)

...Plaintiff(s)

And



1. PERSONS UNKNOWN
   ( No ID. No. Exists)
   Any person or entity who carried out, participated in or assisted in the theft of the Plaintiff's Cryptocurrency Assets on or around 8 January 2021, save for the provision of cryptocurrency hosting or trading facilities

2. BINANCE HOLDINGS LIMITED
   (Cayman Islands Registration No. 326889)

3. HUOBI GLOBAL LIMITED
   (ID Unknown)

...Defendant(s)



## ORDER OF COURT

Before:   The Honourable Justice Lee Seiu Kin in Chambers

Date of Order : 08-June-2021

Upon the application made by way of HC/SUM 2444/2021 by DANIEL HINDIN, the Plaintiff in this action coming on for hearing on this day, and upon reading the 1st affidavit of DANIEL HINDIN filed on the 27th day of May 2021 and the exhibits referred to therein, and upon hearing counsel for the Plaintiff,

It is ordered that:

1. An order on the terms as set out in the draft order annexed to this order as "Annex A".

2. An order on the terms as set out in the draft order annexed to this order as "Annex B".

3. The Plaintiff shall bear the reasonable costs and expenses of the 2nd and 3rd Defendants in complying with the orders to be made herein.

4. The costs of this application be in the cause as between the Plaintiff and the 1st Defendants.

   1  Name of Document:   Annex A
      Annex:

2  Name of Document:  Annex B
   Annex:



https://www.courtorders.gov.sg
Access code: 7rwekvftw

Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore; and (b) the text of the document as issued on 08 Jun 2021

TEH HWEE HWEE
REGISTRAR
SUPREME COURT
SINGAPORE



**ANNEX A – DRAFT ORDER**

**IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

HC/S 470/2021
HC/SUM 2444/2021
HC/ORC [•]/2021

Between

**DANIEL HINDIN**
(ID No. 566616005)

…Plaintiff(s)

AND

(1) **PERSONS UNKNOWN**
(Any person or entity who carried out, participated in or assisted in the theft of the Plaintiff's Cryptocurrency Assets on or around 8 January 2021, save for the provision of cryptocurrency hosting or trading facilities)

(2) **BINANCE HOLDINGS LIMITED**
(Cayman Islands Company No 326889)

(3) **HUOBI GLOBAL LIMITED**
(ID Unknown)

…Defendant(s)

**ORDER OF COURT**

Before:         The Honourable Justice Lee Seiu Kin in chambers
Date of Order:  8 June 2021

UPON THE APPLICATION of the Plaintiff made by way of HC/SUM 2444/2021 coming for hearing this 8th day of June 2021, AND UPON READING the 1st affidavit of Daniel Hindin filed herein on 27 May 2021 and the exhibits therein referred to, AND UPON HEARING Counsel for the Plaintiff,

It is ordered that:

**INJUNCTION**

1. The 1st Defendants be restrained until further order, from disposing of, dealing with, or in any other way diminishing the value of:-

   (a) the 59.38 Bitcoin ("**BTC**") transferred from the Plaintiff's digital wallet to wallet address bc1qzhmun09e4e40khndc3c3w0p8x2resracjhpa37 on or

around 8 January 2021 via transaction hash 8610e186d4f34f7c46770ab020a48affdedfd8afa4c14c5b27a31887fe6ba24b and/or their traceable proceeds;

(b) the 50.45 BTC transferred from the Plaintiff's digital wallet to wallet address bc1qrxanh8swpjlenyr5gv8p77uptg4yt992ta6gtf on or around 8 January 2021 via transaction hash 0c1666531fc118f8ff34fc52c7f85363f56e6bfeaa1685b8b58e946bc09596d2, and/or their traceable proceeds;

(c) the 1497.54 Ethereum ("**ETH**") transferred from the Plaintiff's digital wallet to wallet address 0x676aa92b90a4398a4488fca40d78df044f0c13c5 on or around 8 January 2021 via transaction hash 0xe86a8592a030db1e13b4c16d9babd8f58d74d3e532a4d808a5b1d97572dc7c74, and/or their traceable proceeds;

(d) the 15 BTC transferred from wallet address bc1qhnykmep9vvscdhux5e8pw4j9zvakzl977f9ujt to wallet address bc1q3wt8esjnk8vceaagyv9cg62z356uaug4tefez3 on or around 17 April 2021 with transaction hash 67fcf6f10f7730c8388a191bfe2f39fa423cfa33816e059aea566db109453e16;

(e) the 0.1 BTC transferred from wallet address bc1qv94wpgfax78h93uewjqqjc73gq9wd9q074jsq8 to wallet address 1D35wr7hP3VhWvrcbs8khgV6JDNuMxR9uA on or around 25 April 2021 with transaction hash 8c43a929cee7b9c538eac3977e33d41a20125793bdbbd09295a97796bce6dc03; and

(f) the 0.2 BTC transferred from wallet address bc1qrngzkrtprg2vrs3cl0ppv2y522fxl5gt3hzq9f to wallet address 1D35wr7hP3VhWvrcbs8khgV6JDNuMxR9uA on or around 25 April 2021 with transaction hash 2f0d9268697282ea3049d176cc2318a76a5afff17f1bf4969c0747283f242aa3.

2. There be liberty to apply.

Notice:

**PENAL NOTICE**
To apply to the 1st Defendants

If you, the within-named 1st Defendants, whether by yourself, or by your servant or agent, neglect to obey and/or otherwise disobeys this order in accordance with its terms, you shall be liable to process of execution, including without limitation, committal to prison for contempt of Court, for the purpose of compelling you to obey the same.

# ANNEX B – DRAFT ORDER

IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

HC/S 470/2021
HC/SUM 2444/2021
HC/ORC [•]/2021

Between

**DANIEL HINDIN**
(ID No. 566616005)

…Plaintiff(s)

AND

**(1) PERSONS UNKNOWN**
(Any person or entity who carried out, participated in or assisted in the theft of the Plaintiff's Cryptocurrency Assets on or around 8 January 2021, save for the provision of cryptocurrency hosting or trading facilities)

**(2) BINANCE HOLDINGS LIMITED**
(Cayman Islands Company No 326889)

**(3) HUOBI GLOBAL LIMITED**
(ID Unknown)

…Defendant(s)

## INJUNCTION PROHIBITING DISPOSAL OF ASSETS WORLDWIDE

Before:         The Honourable Justice Lee Seiu Kin in chambers

Date of Order:  8 June 2021

### IMPORTANT:- NOTICE TO THE 1st DEFENDANTS

(a)  This order prohibits you from dealing with your assets up to the amount stated. The order is subject to the exceptions stated at the end of the order. You should read all the terms of the order very carefully. You are advised to consult a solicitor as soon as possible. You have a right to ask the Court to vary or discharge this order.

(b)  If you disobey this order you will be guilty of contempt of Court and may be sent to prison or fined.

**THE ORDER**

An application was made on 27 May 2021 by counsel for the Plaintiff, Rajah & Tann Singapore LLP, to the Honourable Justice Lee Seiu Kin by way of ex-parte summons no. 2444 of 2021. The Honourable Justice Lee Seiu Kin heard the application on 8 June 2021 and read the 1st affidavit of Daniel Hindin filed herein on 27 May 2021.

As a result of the application, IT IS ORDERED by the Honourable Justice Lee Seiu Kin that:

Disposal of assets

1. (a) The 1st Defendants must not:

    (i) remove from Singapore any of their assets which are in Singapore whether in their own name or not and whether solely or jointly owned up to the value of USD 7,089,894.68;

    (ii) in any way dispose of or deal with or diminish the value of any of their assets, whether they are in or outside Singapore whether in their own name or not and whether solely or jointly owned up to the same value.

    (b) This prohibition includes the following assets in particular:-

    (i) the 59.38 Bitcoin ("**BTC**") transferred from the Plaintiff's digital wallet to wallet address bc1qzhmun09e4e40khndc3c3w0p8x2resracjhpa37 on or around 8 January 2021 via transaction hash 8610e186d4f34f7c46770ab020a48affdedfd8afa4c14c5b27a31887fe6ba24b, and/or their traceable proceeds;

    (ii) the 50.45 BTC transferred from the Plaintiff's digital wallet to wallet address bc1qrxanh8swpjlenyr5gv8p77uptg4yt992ta6gtf on or around 8 January 2021 via transaction hash 0c1666531fc118f8ff34fc52c7f85363f56e6bfeaa1685b8b58e946bc09596d2, and/or their traceable proceeds;

    (iii) the 1497.54 Ethereum ("**ETH**") transferred from the Plaintiff's digital wallet to wallet address 0x676aa92b90a4398a4488fca40d78df044f0c13c5 on or around 8 January 2021 and/or their traceable proceeds; and

    (iv) the 15 BTC transferred from wallet address bc1qhnykmep9vvscdhux5e8pw4j9zvakzl977f9ujt to wallet address bc1q3wt8esjnk8vceaagyv9cg62z356uaug4tefez3 on or

|     |       | around 17 April 2021 with transaction hash 67fcf6f10f7730c8388a191bfe2f39fa423cfa33816e059aea566db109453e16; |
| --- | ----- | --- |
|     | (v)   | the 0.1 BTC transferred from wallet address bc1qv94wpgfax78h93uewjqqjc73gq9wd9q074jsq8 to wallet address 1D35wr7hP3VhWvrcbs8khgV6JDNuMxR9uA on or around 25 April 2021 with transaction hash 8c43a929cee7b9c538eac3977e33d41a20125793bdbbd09295a97796bce6dc03; and |
|     | (vi)  | the 0.2 BTC transferred from wallet address bc1qrngzkrtprg2vrs3cl0ppv2y522fxl5gt3hzq9f to wallet address 1D35wr7hP3VhWvrcbs8khgV6JDNuMxR9uA on or around 25 April 2021 with transaction hash 2f0d9268697282ea3049d176cc2318a76a5afff17f1bf4969c0747283f242aa3. |
| (c) |       | If the total unencumbered value of the 1st Defendants' assets in Singapore exceeds USD 7,089,894.68, the 1st Defendants may remove any of those assets from Singapore or may dispose of or deal with them so long as the total unencumbered value of their assets still in Singapore remains not less than USD 7,089,894.68. If the total unencumbered value of the 1st Defendants' assets in Singapore does not exceed USD 7,089,894.68, the 1st Defendants must not remove any of those assets from Singapore and must not dispose of or deal with any of them, but if they have other assets outside Singapore, the 1st Defendants may dispose of or deal with those assets so long as the total unencumbered value of all their assets whether in or outside Singapore remains not less than USD 7,089,894.68. |

Disclosure of information

2. The 1st Defendants must inform the Plaintiff in writing at once of all their assets whether in or outside Singapore and whether in their own names or not and whether solely or jointly owned, giving the value, location of all such assets. The information must be confirmed in affidavits which must be served on the Plaintiff's solicitors within 14 days after this order has been served on that Defendant.

3. The 2nd Defendant shall:

   (a) within 3 working days of service of the order to be made herein, notify the Plaintiff's solicitors of the current balances of all Binance accounts and/or sub-accounts that were credited, or intended to be credited, with the 15.0 Bitcoins ("BTC") that were transferred to wallet address bc1q3wt8esjnk8vceaagyv9cg62z356uaug4tefez3 from wallet address bc1qhnykmep9vvscdhux5e8pw4j9zvakzl977f9ujt on or around 17 April

2021 via transaction hash 67fcf6f10f7730c8388a191bfe2f39fa423cfa33816e059aea566db109453e16 (the "Relevant Binance Accounts");

(b) within 7 working days of service of the order to be made herein, provide the Plaintiff's solicitors with all information and documents collected and maintained by Binance through its user identity verification process in respect of the owners and/or users of the Relevant Binance Accounts, including their names, email addresses, contact information, phone numbers, usernames, government-issued IDs, dates of birth, and other information collected during account registration as well as any records maintained by Binance of IP addresses used to access the Relevant Binance Accounts; and

(c) within 7 working days of service of the order to be made herein, to provide the Plaintiff's solicitors with the details of all transactions involving Relevant Binance Accounts from 17 April 2021, including for each transaction (where applicable), the date and time, the transaction hash, the type and amount of cryptocurrencies transferred, and the addresses of all digital wallets involved.

4. The 3rd Defendant shall:

(a) within 3 working days of service of the order to be made herein, notify the Plaintiff's solicitors of the current balances of all Huobi accounts and/or sub-accounts that were credited, or intended to be credited, with the 0.3 BTC that were transferred to wallet address 1D35wr7hP3VhWvrcbs8khgV6JDNuMxR9uA on or around 25 April 2021 via the following two transactions (the "**Relevant Huobi Accounts**"):

(i) a transfer of 0.1 BTC from wallet address bc1qv94wpgfax78h93uewjqqjc73gq9wd9q074jsq8 via transaction hash 8c43a929cee7b9c538eac3977e33d41a20125793bdbbd09295a97796bce6dc03; and

(ii) a transfer of 0.2 BTC from wallet address bc1qrngzkrtprg2vrs3cl0ppv2y522fxl5gt3hzq9f via transaction hash 2f0d9268697282ea3049d176cc2318a76a5afff17f1bf4969c0747283f242aa3.

(b) within 7 working days of service of the order to be made herein, provide the Plaintiff's solicitors with all information and documents collected and maintained by Huobi through its account registration and verification process in respect of the owners and/or users of the Relevant Huobi

Accounts, including their names, nationalities, phone numbers, email addresses, identification documents and numbers, as well as any records maintained by Huobi of IP addresses used to access the Relevant Huobi Accounts; and

(c) within 7 working days of service of the order to be made herein, to provide the Plaintiff's solicitors with the details of all transactions involving the Relevant Huobi Accounts from 25 April 2021, including for each transaction (where applicable), the date and time, the transaction hash, the type and amount of cryptocurrencies transferred, and the addresses of all digital wallets involved.

**EXCEPTIONS TO THIS ORDER**

5. This order does not prohibit the 1st Defendants (or each of the 1st Defendants, as the case may be) from spending USD 1,000.00 a week towards their ordinary living expenses and also does not prohibit the 1st Defendants from spending ~~$[] a week [or~~ a reasonable sum~~]~~ on legal advice and representation. But before spending any money, the 1st Defendants must tell the Plaintiff's solicitors where the money is to come from.

6. This order does not prohibit the 1st Defendants from dealing with or disposing of any of their assets in the ordinary and proper course of business. The 1st Defendants shall account to the Plaintiff weekly for the amount of money spent in this regard.

7. The 1st Defendants (or each of the 1st Defendants, as the case may be) may agree with the Plaintiff's solicitors that the above spending limits should be increased or that this order should be varied in any other respect, but any such agreement must be in writing.

**EFFECT OF THIS ORDER**

8. A defendant who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

9. A defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees or agents or in any other way.

**THIRD PARTIES**

Effect of this order

10. It is a contempt of Court for any person notified of this order knowingly to assist in or permit a breach of the order. Any person doing so may be sent to prison or fined.

Effect of this order outside Singapore

11. The terms of this order do not affect or concern anyone outside the jurisdiction of this Court until it is declared enforceable or is enforced by a Court in the relevant country and then they are to affect him only to the extent they have been declared enforceable or have been enforced UNLESS such person is:

    (a) a person to whom this order is addressed or an officer or an agent appointed by power of attorney of such a person; or

    (b) a person who is subject to the jurisdiction of this Court; and

        (i) has been given written notice of this order at his residence or place of business within the jurisdiction of this Court; and

        (ii) is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this order.

Assets located outside Singapore

12. Nothing in this order shall, in respect of assets located outside Singapore, prevent any third party from complying with:

    (a) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the 1st Defendants; and

    (b) any orders of the Courts of that country or state, provided that reasonable notice of any application for such an order is given to the plaintiff's solicitors.

Set-off by banks

13. This injunction does not prevent any bank from exercising any right of set-off it may have in respect of any facility which it gave to any one or more of the 1st Defendants before it was notified of the order.

Withdrawals by the 1st Defendants

14. No bank need enquire as to the application or proposed application of any money withdrawn by the 1st Defendants if the withdrawal appears to be permitted by this order.

**[SERVICE OUT OF THE JURISDICTION AND SUBSTITUTED SERVICE**

~~15.~~ ~~(a)~~ ~~The Plaintiff may serve the writ of summons on the defendant at [ ] by [mode of service].~~

~~(b)~~ ~~If the defendant wish to defend the action, they must enter an appearance within [ ] days of being served with the writ of summons.]~~

**UNDERTAKINGS**

16. The Plaintiff gives to the Court the undertakings set out in Schedule 1 to this order.

**DURATION OF THIS ORDER**

17. This order will remain in force until the trial or further order.

**VARIATION OR DISCHARGE OF THIS ORDER**

18. The 1st Defendants (or anyone notified of this order) may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but anyone wishing to do so must inform the Plaintiff's solicitors.

**NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS**

19. The Plaintiff's solicitors are:

> Danny Ong / Jansen Chow / Ryo Yap
> Rajah & Tann Singapore LLP
> 9 Straits View #06-07 Marina One West Tower
> Singapore 018937
> Tel No.: 65353600
> Fax No.: 62259630
> Ref: DOW/JCW/RZY/352672/1

**INTERPRETATION OF THIS ORDER**

20. (a) In this order references to "he", "him" or "his" include "she" or "her" and "it" or "its".

    (b) Where there are 2 or more defendants then (unless the context indicates differently):

        (i) References to "the Defendants" mean both or all of them;

        (ii) An order requiring "the Defendants" to do or not to do anything requires each defendant to do or not to do the specified thing; and

        (iii) A requirement relating to service of this order, or of any legal proceedings, on "the Defendants" means service on each of them.

**PENAL NOTICE**

If you, the within-named Defendants, whether by yourself, or by your servant or agent neglect to obey and/or otherwise disobeys this order in accordance with its terms, you shall be liable to process of execution, including without limitation, committal to prison for contempt of Court, for the purpose of compelling you to obey the same.

# SCHEDULE 1

*Undertakings given to the Court by the Plaintiff*

1. If the Court later finds that this order has caused loss to the 1st Defendants, and decides that the 1st Defendants should be compensated for that loss, the Plaintiff shall comply with any order the Court may make.

2. ~~[The plaintiff, in respect of any order the Court may make pursuant to para (1) above, will:~~

   (a) ~~on or before [date] provide to the defendant security in the sum of [$ ] by causing [payment to be made into Court / a bond to be issued by an insurance company with a place of business within Singapore / a written guarantee to be issued from a bank with a place of business within Singapore / payment to the plaintiff's solicitor to be held by the solicitor as an officer of the Court pending further order]*; and (*Delete where appropriate)~~

   (b) ~~cause evidence of the provision of security to be extended to the denfendant immediately after the security has been put up.]~~

3. As soon as practicable the Plaintiff shall ~~[issue and]~~ serve on the 1st Defendants the writ of summons in the form of the draft writ produced to the Court together with this order.

4. The Plaintiff shall cause an affidavit to be sworn and filed substantially in the terms of the draft affidavit produced to the Court confirming the substance of what was said to the Court by the Plaintiff's solicitors.

5. As soon as practicable the Plaintiff shall serve on the 1st Defendants a copy of the affidavits and exhibits containing the evidence relied on by the Plaintiff.

6. Anyone notified of this order shall be given a copy of it by the Plaintiff's solicitors.

7. The Plaintiff shall pay the reasonable costs of anyone other than the 1st Defendants which have been incurred as a result of this order, including the costs of ascertaining whether that person holds any of the 1st Defendants' assets and if the Court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Plaintiff will comply with any order the Court may make.

8. If this order ceases to have effect, the Plaintiff will immediately take all reasonable steps to inform in writing anyone to whom he has given notice of this order, or who it has reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

9. The Plaintiff shall not without the leave of the Court begin proceedings against the Defendants in any other jurisdiction or use information obtained as a result of an order of the Court in this jurisdiction for the purpose of civil or criminal proceedings in any other jurisdiction.

10. The Plaintiff shall not without the leave of the Court seek to enforce this order in any country outside Singapore or seek an order of a similar nature including orders conferring a charge or other security against the 1st Defendants or the 1st Defendants' assets.