IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY IN AID OF A FOREIGN PROCEEDING | Case No.: |

**DECLARATION OF MICHAEL JASON LEE, ESQUIRE IN SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY IN AID OF A FOREIGN PROCEEDING**

I, Michael Jason Lee, Esquire, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney duly licensed to practice law before all State and Federal courts in the State of California. I am counsel for Applicant Daniel Hindin ("Applicant") with respect to his Application to Conduct Discovery Pursuant to 28 U.S.C. § 1782 (the "Application").

2. I have personal knowledge of all facts alleged herein, except as to matters stated on information and belief, and as to those matters, I believe them to be true. If called to testify with regard to the facts alleged herein, I could do so competently.

3. On behalf of Applicant, I worked with the law firm of Rajah & Tann Singapore LLP to obtain a sealed injunction and disclosure order from the General Division of the High Court of the Republic of Singapore. Those orders required Binance to permanently freeze the portion of Applicant's stolen assets that were deposited to that exchange and required that Binance disclose all information it collected and maintained regarding the owner of the relevant deposit accounts and their account activity.

4. On April 25, 2021, 0.3 BTC of Applicant's stolen assets were sent to the Huobi exchange. As with Binance, Huobi was likewise ordered under a sealed injunction and disclosure order from the General Division of the High Court of the Republic of Singapore to disclose all

1

information it collected and maintained regarding the owner of the relevant accounts.

5. Document productions received from the three exchanges revealed that:

- The accounts at Binance and Huobi were created in quick succession (March 29, 2021 and April 20, 2021, respectively) with each new account being opened after the previous was frozen.

- The accounts were ostensibly created by a Ukrainian national and Russian national whose identities are believed to have been stolen and/or sold through a darkweb marketplace.

- The exchange accounts appear to have been created for the purpose of either rapidly exchanging the stolen BTC for either other digital assets, or for laundering the stolen BTC in an effort to prevent tracing.

6. Records produced by Huobi show that 0.2 BTC of Applicant's stolen BTC was deposited to Huobi at 1:32 UTC on April 25, 2021, with 0.0996 BTC withdrawn eleven minutes later to an off-exchange address beginning with bc1qw- ("bc1qw").

7. Those funds remained static until June 27, 2021, at which time 0.06 of the 0.0996 BTC was sent from bc1qw to an off-exchange address beginning with bc1q9- ("bc1q9"). The following day (June 28), 0.06 BTC was sent from bc1q9 to a deposit address associated with Respondent Coinbase (beginning with 3MsUr-).

8. The 0.01 BTC in change from the first Coinbase deposit was sent to address bc1qudqhlaxt583q3st8vscham4hhplkzqg4h3w48t ("bc1qu"), where it was likewise deposited five hours later to Coinbase deposit address 3LQp8.

9. Following that transmission, several additional transactions tracing back to the bc1qu address (and necessarily, Applicant's stolen BTC) occurred. It was determined that on July 9, 2021 a third and final deposit was made to a deposit address at Coinbase (beginning in 327vp) involving a portion of Applicant's stolen assets.

10. On July 16, 2021, I informally requested that Respondent freeze the accounts

receiving the stolen assets pending formal legal process. On July 20, 2021, Respondent responded that it would require a properly issued subpoena or court order to preserve the assets at issue and/or provide information related to the accounts. Respondent did not deny that the three addresses identified above were controlled by Coinbase, and stated that one of the addresses held assets at the time of the response.

11. From approximately November 2021 through February 2022, I engaged in informal discussions with Respondent regarding the Order in an effort to avoid further judicial action. Respondent's position was essentially that "[t]he accounts connected to the addresses provided by you are affiliated with [Respondent] Coinbase, Inc., a US corporation incorporated in the state of Delaware [as opposed to Coinbase Global]. Per our privacy policy and applicable privacy laws, in order to disclose information about an account and/or freeze an account, Coinbase, Inc must be served a valid, enforceable court order from a court that has jurisdiction over Coinbase, Inc."

12. Applicant seeks the assistance of this Court in obtaining information critical to the recovery of his funds. A copy of Applicant's proposed requests and subpoena to Coinbase are attached as Exhibit 1 to the Application.

13. Discovery produced by Huobi pursuant to an order of the General Division of the High Court of the Republic of Singapore, along with analysis of publicly available blockchain records, has enabled a portion of Applicant's stolen assets to be traced to Respondent Coinbase's digital asset exchange.

14. As has been the case with peer exchanges Binance and Huobi, it is believed that Coinbase maintains at least the following information related to the deposits at issue:

- "Know Your Customer" information regarding the account holder, such as legal name, address, contact information, and Government Issued ID;

- Transaction history, including detailed information regarding deposits, withdrawals, and trading activity on Coinbase;

- Account history, such as account creation date, correspondence, two-factor authentication usage, and current holdings; and

- Login and other technical information, such as IP addresses, geolocation data, approved devices and browser/device access logs.

15. The likelihood of Respondent possessing this information is particularly high given that Coinbase is subject to, and compliant with, extensive U.S. regulation (e.g., the Bank Secrecy Act, the USA Patriot Act).

16. Coinbase is a publicly traded corporation (NASDAQ: COIN) that is incorporated in the State of Delaware with The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, serving as its registered agent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of June, 2022, in San Diego, California.

*/s/ Michael Jason Lee*
Michael Jason Lee, Esquire