IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE: APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY IN AID OF A FOREIGN PROCEEDING | Case No.: 22-mc-267-MN-JLH |
|---|---|

## ORDER GRANTING APPLICATION UNDER 28 U.S.C. § 1782

This Court, having reviewed the Application for an Order Directing Discovery From Coinbase, Inc. Pursuant to 28 U.S.C. § 1782 (the "Application"), the Declarations of Michael Jason Lee, Esquire, and Daniel Hindin, and the supporting Memorandum of Law, determines that (1) the statutory requirements of are satisfied, and (2) the discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the Application. are satisfied, and (2) the discretionary factors identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh in favor of granting the Application.

Therefore, **IT IS HEREBY ORDERED**[1] **THAT**:

1. The Application is GRANTED;

---

[1] The Third Circuit has not decided whether a magistrate judge's decision on a § 1782 application is "dispositive"—meaning that it should be issued as a "Report and Recommendation" to the district judge and reviewed *de novo*, see 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. Proc. 72(b)— or "nondispositive"—meaning that it may be ordered by the magistrate judge and may be reconsidered by the district court judge only when it is clearly erroneous or contrary to law. (*See* D.I. 36 at 1-2; D.I. 37 at 1-3.) *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 396 n.6 (3d Cir. 2021).

It is not for me to opine on how this ruling should be reviewed. I note that the Third Circuit treats rulings on administrative subpoenas as dispositive, *see NLRB v. Frazier*, 966 F.2d 812, 815-18 (3d Cir. 1992), and there might not be a principled basis to distinguish § 1782 petitions from administrative subpoena enforcement proceedings. That said, the Third Circuit recently acknowledged that "the majority of district courts to consider [the] question have determined § 1782 orders are non-dispositive." *Arcelik*, 856 F. App'x at 396 n.6. Should Judge Noreika conclude that this issue is dispositive, I offer this as a Report and Recommendation.

2. Petitioner is authorized, pursuant to 28 U.S.C. § 1782, to obtain evidence from Coinbase, Inc. ("Respondent") pursuant to Rule 45 of the Federal Rules of Civil Procedure by issuing a subpoena for the production of documents in substantially the form attached to the Application as Exhibit 1. Petitioner shall serve a copy of this Order with the subpoena;

3. Respondent shall produce the requested documents within 28 days of service of the Subpoena, or such other dates as agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. The entry of this Order does not foreclose Respondent from seeking relief under Rules 26 and 45, if appropriate. Unless otherwise agreed to by the parties, any Rule 45 objections shall be served within 14 days after service of the Subpoena. **No motions to quash or motions to compel shall be filed. If the parties find they are unable to resolve a dispute over compliance with the subpoena, a Motion for Teleconference to Resolve Discovery Dispute should be filed.** The suggested text for this motion can be found in Judge Hall's portion of the Court's website, in the "Forms" tab, under the heading "Motion for Teleconference to Resolve Discovery/Protective Order Disputes." The dispute will thereafter be addressed in accordance with Judge Hall's discovery dispute procedures; and

4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED this 4th day of October, 2022.

The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE